- Complete Items 1, 2 and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)　C. Date of Delivery
VICTORIA LOWENSTEIN

1. Article Addressed to:

Anthony Lowenstein
20 Brookside Drive, Apt #1B
Greenwich, CT  06830

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7002 3150 0001 3697 4420

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage  $
Certified Fee
Return Receipt Fee (Endorsement Required)            Postmark Here
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees  $   DEC 10 2003

Sent To  Anthony Lowenstein
Street, Apt. No.; or PO Box No.
City, State, ZIP+4
                    USPS
PS Form 3800, June 2002              See Reverse for Instructions

7002 3150 0001 3697 4420


EXHIBIT
Gov #6

**U.S. CUSTOMS AND BORDER PROTECTION**
**Department of Homeland Security**
Office of Assistant Chief Counsel
6026 Lakeside Boulevard
Indianapolis, Indiana 46278

DEC 9 2003

Refer to:
ACC NS
03-3233

7002 3150 0001 3697 4420
Certified Mail, Return Receipt Requested

Anthony Lowenstein
20 Brookside Drive, Apt #1B
Greenwich, CT  06830

Re: Claim for Damages

Dear Mr. Lowenstein:

Receipt of your "Claim for Damage, Injury, or Death" form (SF-95) dated October 15, 2003, in the amount of $5,000.00 is acknowledged. You allege that on May 8, 2003, you were arrested by employees of the Bureau of Immigration and Customs Enforcement ("ICE"). You claim that after your arrest, the property you were carrying at the time of your arrest was destroyed by the agency holding the property. An investigation into your claim has uncovered the following facts. ICE turned over the property to U.S. Customs and Border Protection ("Customs") in Nogales, Arizona. The property was held for 90 days and then turned over to the General Services Administration ("GSA") for destruction.

Upon consideration of the facts presented to me, I have determined that there is no proof that the damage to your property was the result of any wrongful or negligent act of a Customs employee. Once Customs received your property it appears that the normal procedures were followed regarding the property and its disposition. Further, even if Customs had been negligent in the handling of your property, 28 U.S.C. § 2680 (c) of the Federal Tort Claims Act ("FTCA") specifically bars recovery for damaged or lost property due to negligence by Customs employees while the property is under detention in Customs custody. Kosak v. United States, 465 U.S. 848 (1984). Accordingly, your claim for payment must be denied under the FTCA.

*Vigilance*  ★  *Service*  ★  *Integrity*

-2-

If you wish to contest this decision, you may file a lawsuit in the appropriate United States district court no later than six months after the mailing date of this letter.

If you have any questions, please contact Nathaniel Saylor at (317) 614-4417.

Sincerely,

Joyce Iwamoto
Chief, Program Management Branch
National Finance Center